# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | SEALED |
| | : | |
| v. | : | SUPERSEDING INDICTMENT |
| | : | |
| ALBERT ROSS | : | CRIMINAL NO. 3:21-CR-39 |
|    a/k/a "BIG" | : | |
| JOSE PINEDA PEREZ | : | VIOLATION(S): |
|    a/k/a "PRETTY BOY" | : | 21 U.S.C. § 846 |
|    a/k/a "JOSELO" | : | 21 U.S.C. § 841(a)(1) |
|    a/k/a "JP" | : | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| RANKO LUNIC | : | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ALEKSANDAR LUNIC | : | 21 U.S.C. § 841(b)(1)(B)(iii) |
|    a/k/a "KEKI" | : | 21 U.S.C. § 841(b)(1)(C) |
| MICHELLE ALVARADO | : | 18 U.S.C. § 1956 |
| TANYA ALDANA | : | 18 U.S.C. § 982(a)(1) |
| NATHANIEL WILKINS | : | 21 U.S.C. § 853 |
|    a/k/a "OLD MAN" | : | |
| ANTHONY BERNARD GRANT | : | |
|    a/k/a "DAD" | : | |
| RICHARD CORNELIUS | : | |
|    a/k/a "RICH" | : | |
| ERIC MORGAN | : | |
|    a/k/a "SWEAT" | : | |
| LONNIE BENNETT | : | |
|    a/k/a "RUNK" | : | |
|    a/k/a "ROO BOY" | : | |
|    a/k/a "RUDE BOY" | : | |
| BRANDON PAYNE | : | |
|    a/k/a "RED" | : | |
|    a/k/a "NEPHEW" | : | |
| BERNARD WILCOX | : | |
| TAMICHAEL DARDEN | : | |
|    a/k/a "T-MIKE" | : | |
| MILLER SUTTON | : | |
|    a/k/a "UNC" | : | |
| REGINALD BATTLE SR. | : | |
|    a/k/a "REGGIE" | : | |
| DANNY SIMS | : | |
|    a/k/a "D BOY" | : | |
| COREY MITCHELL | : | |
|    a/k/a "MURDA" | : | |
| | : | |
|       Defendants. | : | |

**THE GRAND JURY CHARGES:**

<u>**COUNT ONE**</u>
**(Conspiracy to Possess with Intent to Distribute Cocaine)**

Beginning in or about January 2013, the exact date being unknown to the Grand Jury, and continuing until on or about September 23, 2021, the exact date being unknown to the Grand Jury, in the Athens Division of the Middle District of Georgia and elsewhere, the defendants,

**ALBERT ROSS, a/k/a "BIG,"**
**JOSE PINEDA PEREZ, a/k/a "PRETTY BOY," a/k/a "JOSELO," a/k/a "JP,"**
**RANKO LUNIC,**
**ALEKSANDAR LUNIC, a/k/a "KEKI,"**
**MICHELLE ALVARADO,**
**TANYA ALDANA,**
**NATHANIEL WILKINS, a/k/a "OLD MAN," a/k/a "UNC," a/k/a "NATE,"**
**ANTHONY BERNARD GRANT, a/k/a "DAD,"**
**RICHARD CORNELIUS, a/k/a "RICH,"**
**ERIC MORGAN, a/k/a "SWEAT,"**
**LONNIE BENNETT, a/k/a "RUNK," a/k/a "ROO BOY," a/k/a "RUDE BOY,"**
**BRANDON PAYNE, a/k/a "RED," a/k/a "NEPHEW,"**
**BERNARD WILCOX,**
**TAMICHAEL DARDEN, a/k/a "T-MIKE,"**
**MILLER SUTTON,**
**REGINALD BATTLE SR., a/k/a "REGGIE,"**
**DANNY SIMS, a/k/a "D BOY," and**
**COREY MITCHELL, a/k/a "MURDA,"**

did knowingly and intentionally conspire with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a Schedule II controlled substance, to wit: 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine; all in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II).

<u>**COUNT TWO**</u>
**(Conspiracy to Possess with Intent to Distribute Marijuana)**

Beginning in or about January 2013, the exact date being unknown to the Grand Jury, and

continuing until on or about September 23, 2021, the exact date being unknown to the Grand Jury, in the Athens Division of the Middle District of Georgia and elsewhere, the defendants,

**ALBERT ROSS, a/k/a "BIG,"**
**RANKO LUNIC,**
**ALEKSANDAR LUNIC, a/k/a "KEKI,"**
**RICHARD CORNELIUS, a/k/a "RICH,"**
**ERIC MORGAN, a/k/a "SWEAT,"**
**BERNARD WILCOX, and**
**REGINALD BATTLE SR., a/k/a "REGGIE,"**

did knowingly and intentionally conspire with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a Schedule I controlled substance, to wit: 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana; all in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii).

## COUNT THREE
### (Conspiracy to Commit Money Laundering)

Beginning at a time unknown to the Grand Jury, but not later than on or about September 4, 2021, and continuing until on or about the date of this Indictment, in the Athens Division of the Middle District of Georgia and elsewhere, the defendants,

**JOSE PINEDA PEREZ, a/k/a "PRETTY BOY," a/k/a "JOSELO," a/k/a "JP,"**
**MICHELLE ALVARADO, and**
**TANYA ALDANA,**

did knowingly conspire and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a)   to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of said specified unlawful activity, and that

3

while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b)   to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is drug trafficking, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

(c)   to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, involving property represented by an individual acting at the direction, and with the approval, of a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(A); all in violation of 18 United States Code, Section 1956(h).

## COUNT FOUR
### (Distribution of Cocaine and Cocaine Base)

That on or about June 19, 2020, in the Athens Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**TAMICHAEL DARDEN a.k.a. "T-MIKE,"**

defendant herein, did knowingly and intentionally distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine and cocaine base (commonly referred to as "crack" cocaine), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FIVE
### (Distribution of Cocaine Base)

That on or about July 10, 2020, in the Athens Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

### TAMICHAEL DARDEN a.k.a. "T-MIKE,"

defendant herein, did knowingly and intentionally distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (commonly referred to as "crack" cocaine), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

## COUNT SIX
### (Distribution of Cocaine Base)

That on or about September 18, 2020, in the Athens Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

### TAMICHAEL DARDEN a.k.a. "T-MIKE,"

defendant herein, did knowingly and intentionally distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (commonly referred to as "crack" cocaine), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

## COUNT SEVEN
### (Distribution of Cocaine Base)

That on or about November 13, 2020, in the Athens Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

### TAMICHAEL DARDEN a.k.a. "T-MIKE,"

defendant herein, did knowingly and intentionally distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (commonly referred to as "crack" cocaine), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

## COUNT EIGHT
### (Distribution of Cocaine)

That on or about February 5, 2021, in the Athens Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

**COREY MITCHELL a.k.a. "MURDA"**

defendants herein, aided and abetted by each other, did knowingly and intentionally distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT NINE
### (Possession with Intent to Distribute Cocaine Base)

That on or about June 16, 2021, in the Athens Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**DANNY SIMS a.k.a. "D BOY,"**

defendant herein, did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine base (commonly referred to as "crack" cocaine), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TEN
### (Money Laundering)

On or about May 11, 2022, in the Athens Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the defendant,

**MICHELLE ALVARADO,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, involving property represented by an individual acting at the direction, and with the approval, of a Federal official authorized to investigate violations of Title 18, United

States Code, Section 1956, to be the proceeds of specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(A).

**COUNT ELEVEN**
**(Money Laundering)**

On or about September 7, 2022, in the Athens Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the defendant,

**MICHELLE ALVARADO,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, involving property represented by an individual acting at the direction, and with the approval, of a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(A).

**FORFEITURE NOTICE**
**(18 U.S.C. 982(a)(1) and 21 U.S.C. § 853 - Criminal Forfeiture)**

1.      The allegations contained in Counts One through Eleven of this Superseding Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 982(a)(1), and/or Title 21, United States Code, Section 853.

2.      Upon conviction of the offense(s) in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth in Count One; Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii) set forth in Count Two; Title 18, United States Code, Section 1956(h) set forth in Count Three; Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(C) set forth in Counts Four, Eight and Nine; Title 21, United

States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii) set forth in Counts Five through Seven; and/or Title

18, United States Code, Section 1956(a)(3)(A) set forth in Counts Ten and Eleven of this Superseding

Indictment, the defendant(s),

**JOSE PINEDA PEREZ, a/k/a "PRETTY BOY," a/k/a "JOSELO," a/k/a "JP,"**
**ALBERT ROSS, a/k/a "BIG,"**
**RANKO LUNIC,**
**ALEKSANDAR LUNIC, a/k/a "KEKI,"**
**MICHELLE ALVARADO,**
**TANYA ALDANA,**
**NATHANIEL WILKINS, a/k/a "OLD MAN," a/k/a "UNC," a/k/a "NATE,"**
**ANTHONY BERNARD GRANT, a/k/a "DAD,"**
**RICHARD CORNELIUS, a/k/a "RICH,"**
**ERIC MORGAN, a/k/a "SWEAT,"**
**LONNIE BENNETT, a/k/a "RUNK," a/k/a "ROO BOY," a/k/a "RUDE BOY,"**
**BRANDON PAYNE, a/k/a "RED," a/k/a "NEPHEW,"**
**BERNARD WILCOX,**
**TAMICHAEL DARDEN, a/k/a "T-MIKE,"**
**MILLER SUTTON,**
**REGINALD BATTLE SR., a/k/a "REGGIE,"**
**DANNY SIMS, a/k/a "D BOY," and**
**COREY MITCHELL, a/k/a "MURDA,"**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section

982(a)(1), any property, real or personal, involved in a money laundering offense, and any property

traceable to such property; and/or any property constituting, or derived from, any proceeds

obtained, directly and indirectly, as a result of a drug offense, and any property, real or personal,

used, or intended to be used in any manner or part to commit, or to facilitate the commission of the

offense(s), pursuant to Title 21, United States Code, Section 853.

      3.     If any of the property subject to forfeiture, as a result of any act or omission of the

defendant:

     (a)     cannot be located upon exercise of due diligence;

     (b)     has been transferred, sold to or deposited with, a third person;

     (c)     has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1).

All pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **ALBERT ROSS, a/k/a "BIG,"**

that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed Forfeiture

Notice set forth below:

### DETAILED FORFEITURE NOTICE AS TO
### ALBERT ROSS, a/k/a "BIG"
### (21 U.S.C. § 853 - Criminal Forfeiture)

1.      The allegations contained in Counts One and Two of the Superseding Indictment are

hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures

to the United States of America, pursuant to the provisions of Title 21, United States Code, Section

853.

2.      Upon conviction of an offense in violation of Title 21, United States Code, Section

846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth

in Count One; and/or Title 21, United States Code, Section 846, in connection with Title 21, United States

Code, Sections 841(a)(1) and (b)(1)(A)(vii) set forth in Count Two of the Superseding Indictment, the

Defendant,

**ALBERT ROSS, a/k/a "BIG,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853,

any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result

9

of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**CURRENCY**

A.    United States funds in the amount of three hundred two thousand, four hundred seventy-seven dollars ($302,477.00).

**JEWELRY**

A.    One (1) single round 2.97 carat diamond earring;

B.    One (1) pair of 14 karat white gold diamond earrings, total weight of 1.60 carats;

C.    One (1) Mens Cartier, Model: Santos, watch "iced out" with 16.67 carats of after-market diamonds;

D.    One (1) Ladies Rolex, Model: Datejust-6917, Oyster Perpetual Datejust, 26mm, with after-market diamond bezel, Serial Number: 5811274;

E.    One (1) Mens Rolex, Model: Datejust-16014, Oyster Perpetual Datejust, 36mm, "iced out" with after-market diamonds, Serial Number: 5653980;

F.    One (1) pair of "LV" gold-plated fashion earrings;

G.    One (1) 10 karat rose/white gold hinged bangle diamond bracelet, with total diamond weight of 3.40 carats;

H.    One (1) 10 karat yellow gold Cuban link necklace "iced out" with total diamond weight of 15.54 carats; and

I.    One (1) 10 karat yellow gold Cuban link bracelet "iced out" with total diamond weight of 6.32 carats.

**FIREARMS/MAGAZINES**

A.    One (1) CZ, Model: Scorpion Evo 3 S1, 9mm pistol, Serial Number: C375378;

B.      One (1) Smith & Wesson, Model: M&P 45, .45 caliber pistol, Serial Number: HAB0521;

C.      One (1) Kel-tec, Model: P3AT, .380 caliber pistol; Serial Number: KP856;

D.      One (1) Glock, Model: 43, 9mm pistol, Serial Number: ADVD478; and

E.      Four (4) magazines.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      (a)      cannot be located upon exercise of due diligence;

      (b)      has been transferred, sold to or deposited with, a third person;

      (c)      has been placed beyond the jurisdiction of the court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **NATHANIEL WILKINS, a/k/a "OLD MAN,"** that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed Forfeiture Notice set forth below:

**DETAILED FORFEITURE NOTICE AS TO**
**NATHANIEL WILKINS, a/k/a "OLD MAN"**
**(21 U.S.C. § 853 - Criminal Forfeiture)**

1.      The allegation contained in Count One of the Superseding Indictment is hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

11

2.      Upon conviction of an offense in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth in Count One of the Superseding Indictment, the Defendant,

**NATHANIEL WILKINS, a/k/a "OLD MAN,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**CURRENCY**

A.      United States funds in the amount of ten thousand, seven hundred twenty dollars ($10,720.00).

**FIREARMS/MAGAZINES/AMMUNITION**

A.      One (1) Kahr Arms, Model: CW40, .40 caliber pistol, Serial Number: FF0064;

B.      One (1) Glock, Model: 19, 9mm pistol with extended magazine, Serial Number: NHB423, with twenty (20) rounds of 9mm ammunition; and

C.      One (1) FNH, Model: Five-Seven, 5.7 caliber pistol, Serial Number: 386230321, with two (2) FNH Five-Seven magazines and fifty-six (56) rounds of ammunition.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon exercise of due diligence;

(b)      has been transferred, sold to or deposited with, a third person;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **RICHARD CORNELIUS, a/k/a**

**"RICH,"** that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed

Forfeiture Notice set forth below:

**DETAILED FORFEITURE NOTICE AS TO**
**RICHARD CORNELIUS, a/k/a "RICH"**
**(21 U.S.C. § 853 - Criminal Forfeiture)**

1.      The allegations contained in Counts One and Two of the Superseding Indictment are

hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures

to the United States of America, pursuant to the provisions of Title 21, United States Code, Section

853.

2.      Upon conviction of an offense in violation of Title 21, United States Code, Section

846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth

in Count One; and/or Title 21, United States Code, Section 846, in connection with Title 21, United

States Code, Sections 841(a)(1) and (b)(1)(A)(vii) set forth in Count Two of the Superseding

Indictment, the Defendant,

**RICHARD CORNELIUS, a/k/a "RICH,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853,

any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result

of such offense(s), and any property, real or personal, used, or intended to be used in any manner or

13

part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**CURRENCY**

A. United States currency in the amount of ten thousand, four hundred twenty-eight dollars ($10,428.00).

**VEHICLE**

A. One (1) 2018 Chevrolet Silverado, VIN: 1GC1KWEY1JF193239.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

  (a) cannot be located upon exercise of due diligence;

  (b) has been transferred, sold to or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **ERIC MORGAN, a/k/a "SWEAT,"** that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed Forfeiture Notice set forth below:

**DETAILED FORFEITURE NOTICE AS TO**
**ERIC MORGAN, a/k/a "SWEAT,"**
**(21 U.S.C. § 853 - Criminal Forfeiture)**

1. The allegations contained in Counts One and Two of the Superseding Indictment are

hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.      Upon conviction of an offense in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth in Count One; and/or Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii) set forth in Count Two of the Superseding Indictment, the Defendant,

**ERIC MORGAN, a/k/a "SWEAT,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**<u>CURRENCY</u>**

A.      United States currency in the amount of six thousand, ninety dollars ($6,090.00).

**<u>FIREARMS/MAGAZINES/AMMUNITION</u>**

A.      One (1) Kel-tec, Model: KSG, 12 gauge shotgun, Serial Number: XSV19;

B.      One (1) FNH, Model: FNX-45, .45 caliber pistol, Serial Number: FX3U032555, with a magazine, and approximately fourteen (14) rounds of .45 caliber ammunition;

C.      Approximately six (6) rounds of ammunition;

D.      Two (2) belts of shotgun ammunition with approximately eighty (80) rounds;

E.      One (1) belt of shotgun ammunition with approximately thirty-seven (37) rounds;

F.      Approximately twenty (20) rounds of Hornady ammunition;

G.      Approximately eleven (11) rounds of buck shotgun ammunition;

H.      Approximately one hundred (100) rounds of .22 caliber ammunition;

I.      Approximately forty-eight (48) rounds of .45 caliber ammunition; and

J.      Approximately thirteen (13) rounds of .50 caliber ammunition.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon exercise of due diligence;

(b)      has been transferred, sold to or deposited with, a third person;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **LONNIE BENNETT, a/k/a "RUNK," a/k/a "ROO BOY,"** that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed Forfeiture Notice set forth below:

## DETAILED FORFEITURE NOTICE AS TO
## LONNIE BENNETT, a/k/a "RUNK," a/k/a "ROO BOY,"
### (21 U.S.C. § 853 - Criminal Forfeiture)

1.      The allegation contained in Count One of the Superseding Indictment is hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.      Upon conviction of an offense in violation of Title 21, United States Code, Section

16

846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth in Count One of the Superseding Indictment, the Defendant,

**LONNIE BENNETT, a/k/a "RUNK," a/k/a "ROO BOY,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**<u>CURRENCY</u>**

    A.    United States currency in the amount of sixty-eight thousand, two hundred fifty-five dollars ($68,255.00).

    3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon exercise of due diligence;

    (b)    has been transferred, sold to or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

    All pursuant to Title 21, United States Code, Section 853.

    FURTHER NOTICE IS HEREBY GIVEN to Defendant, **BRANDON PAYNE, a/k/a**

**"RED,"** that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed Forfeiture Notice set forth below:

**DETAILED FORFEITURE NOTICE AS TO**
**BRANDON PAYNE, a/k/a "RED,"**
**(21 U.S.C. § 853 - Criminal Forfeiture)**

1.      The allegation contained in Count One of the Superseding Indictment is hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.      Upon conviction of an offense in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth in Count One of the Superseding Indictment, the Defendant,

**BRANDON PAYNE, a/k/a "RED,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**VEHICLE**

A.      One (1) 2017 Honda Accord, VIN: 1HGCR2F55HA281379.

**FIREARMS/MAGAZINES/AMMUNITION**

A.      One (1) Century Arms International, Model: C39, .762 caliber pistol, Serial Number: C39P02974;

B.      One (1) Glock GMBH, Model: 43X, 9mm pistol, Serial Number: BSNB271, with magazine;

C.      One (1) Taurus, Model: G2C, 9mm pistol, Serial Number: TMA68409, with magazine

and one (1) round of ammunition in the chamber;

D.   One (1) Glock GMBH, Model: 23, .40 caliber pistol, Serial Number: FHH831;

E.   Approximately three (3) rounds of ammunition;

F.   One (1) Glock magazine;

G.   One (1) black twelve (12) round 9mm magazine;

H.   Two (2) high capacity magazines; and

I.   One (1) Glock, twenty-two (22) round, .40 caliber extended magazine.

3.   If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)   cannot be located upon exercise of due diligence;

(b)   has been transferred, sold to or deposited with, a third person;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **BERNARD WILCOX**, that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed Forfeiture Notice set forth below:

## DETAILED FORFEITURE NOTICE AS TO
### BERNARD WILCOX
### (21 U.S.C. § 853 - Criminal Forfeiture)

1.   The allegations contained in Counts One and Two of the Superseding Indictment are

hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.     Upon conviction of an offense in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth in Count One; and/or Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii) set forth in Count Two of the Superseding Indictment, the Defendant,

**BERNARD WILCOX,**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**CURRENCY**

A.     United States currency in the amount of two thousand, two hundred four dollars ($2,204.00).

**FIREARMS/MAGAZINES/AMMUNITION**

A.     One (1) Henry Repeating Arms, Model: H001TER Evil Roy, .22 caliber rifle, Serial Number: EVILROY1635M;

B.     One (1) Savage, Model: Springfield 187A, .22 caliber rifle, Serial Number: C233200;

C.     One (1) Taurus, Model: 85 Ultralite, .38 caliber revolver, Serial Number: BS47288;

D.     One (1) Maverick Arms, Model: 88, 12 gauge shotgun, Serial Number: MV08992G;

and

E.  Approximately eleven (11) rounds of ammunition from an Israel Weapons Industries pistol with magazine.

3.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)  cannot be located upon exercise of due diligence;

(b)  has been transferred, sold to or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **TAMICHAEL DARDEN, a/k/a "T-MIKE,"** that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed Forfeiture Notice set forth below:

## DETAILED FORFEITURE NOTICE AS TO
## TAMICHAEL DARDEN, a/k/a "T-MIKE"
### (21 U.S.C. § 853 - Criminal Forfeiture)

1.  The allegations contained in Counts One and Four through Seven of the Superseding Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.  Upon conviction of an offense in violation of Title 21, United States Code, Section

846, in connection with Title 21, United States Code, Sections 84l(a)(1) and (b)(1)(A)(ii)(II) set forth in Count One; Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) set forth in Count Four; and/or Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii) set forth in Counts Five through Seven of the Superseding Indictment, the Defendant,

**TAMICHAEL DARDEN, a/k/a "T-MIKE,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

## CURRENCY

A. United States currency in the amount of ten thousand, five hundred thirty dollars ($10,530.00); and

B. United States currency in the amount of nine hundred fifty-nine dollars ($959.00).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon exercise of due diligence;

(b) has been transferred, sold to or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **REGINALD BATTLE, SR., a/k/a "REGGIE,"** that upon conviction, the Government will seek criminal forfeiture pursuant to the detailed Forfeiture Notice set forth below:

**DETAILED FORFEITURE NOTICE AS TO
REGINALD BATTLE, SR., a/k/a "REGGIE,"
(21 U.S.C. § 853 - Criminal Forfeiture)**

1.      The allegations contained in Counts One and Two of the Superseding Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.      Upon conviction of an offense in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth in Count One; and/or Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii) set forth in Count Two of the Superseding Indictment, the Defendant,

**REGINALD BATTLE, SR., a/k/a "REGGIE,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**CURRENCY**

A.      United States currency in the amount of two thousand, eighty-three dollars ($2,083.00).

3.      If any of the property subject to forfeiture, as a result of any act or omission of the

defendant:

(a)      cannot be located upon exercise of due diligence;

(b)      has been transferred, sold to or deposited with, a third person;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FURTHER NOTICE IS HEREBY GIVEN to Defendant, **COREY MITCHELL, a/k/a**

**"MURDA,"** that upon conviction, the Government will seek criminal forfeiture pursuant to the

detailed Forfeiture Notice set forth below:

## DETAILED FORFEITURE NOTICE AS TO
## COREY MITCHELL, a/k/a "MURDA"
### (21 U.S.C. § 853 - Criminal Forfeiture)

1.      The allegations contained in Counts One and Eight of the Superseding Indictment are

hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures

to the United States of America, pursuant to the provisions of Title 21, United States Code, Section

853.

2.      Upon conviction of an offense in violation of Title 21, United States Code, Section

846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II) set forth

in Count One; and/or Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) set forth in Count

Eight of the Superseding Indictment, the Defendant,

**COREY MITCHELL, a/k/a "MURDA,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853,

any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result

of such offense(s), and any property, real or personal, used, or intended to be used in any manner or

part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the

following:

**<u>CURRENCY</u>**

A.      United States currency in the amount of seven hundred ninety-five dollars ($795.00).

3.      If any of the property subject to forfeiture, as a result of any act or omission of the

defendant:

    (a)    cannot be located upon exercise of due diligence;

    (b)    has been transferred, sold to or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without
           difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL.


*s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

PRESENTED BY:
PETER D. LEARY
UNITED STATES ATTORNEY


MICHAEL D. MORRISON
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this ⸺8⸺ day of November AD 2022.


Deputy Clerk

26